BECKET
vs.
BECKET.

---

Case 38.

Pet. Eq.

## Becket vs. Becket.

APPEAL FROM LOUISVILLE CHANCERY COURT.

The statute of Kentucky authorizing divorces, (*Revised Statutes*, 390,) was intended and does apply to citizens of the state, and the causes which authorize the courts to decree them must originate and exist in the state.

[The facts of the case appear in the opinion of the court.—REP.]

*G. A. & I. Caldwell* for appellant—

Argued : That a fair construction of the statute authorizing divorces, (*Revised Statutes*, 390,) the allegations of the petition and proof in the case required that the appellant should have been divorced by the chancellor.

It is alledged "that the plaintiff has, for more than one year next preceding the bringing of this suit, resided in this state, during which time the defendant has lived separate and apart from her, with the intention of abandonment." This is one of the grounds pointed out by the statute. A second ground

is also mentioned in the statute, where the parties have lived separate and apart for five consecutive years next before the application, without cohabiting. Both these grounds are alledged. In the last case it is not a matter of inquiry who was in fault—if the separation has been as long as five years without cohabitation either party has a right to be divorced. If the term of one years' abandonment is made the ground, the applicant must not be the party in fault. Both these grounds are fully made out by the proof.

2. But it is said by the chancellor that "there must be a living separate and apart in this state." The statute provides that " suits for divorce must be brought in the county where the wife usually resides, if the residence is in this state ; and no such suit shall be brought by any person who has not been a continuous resident of the state for a year next before its institution," &c. These facts are all alledged and proved. But the statute further provides: "nor, unless the complaining party had an actual residence here at the time of doing the act complained of, shall a divorce be granted for anything done out of the state, unless it was also a cause of divorce by the law of the country where the act was done."

The separation for one whole year in Kentucky is averred and proved. The statute uses the terms "abandonment, or like separation, by one party from the other for one year"—using the disjunctive. To what does the adverb *like* refer? Clearly to that character of separation immediately before described, *i. e.*, living separate and apart without cohabitation.

It cannot be a fair construction of the statute to say that the first act of separation must take place in Kentucky to authorize a divorce here. If the parties actually separate out of the state—both come here and reside for five years without cohabitation—may they not be divorced? A construction cannot be correct which leads to such results.

BECKET
vs.
BECKET.

3. The Civil Code (*sec.* 460,) which is an enactment subsequent to the Revised Statutes, has the following provisions : "The plaintiff, to obtain a divorce, must, in addition to a legal cause of divorce, alledge and prove : 1. A residence in the state for one year before the commencement of the action. 2. That the cause of action accrued, or existed, in this state ; or, if out of the state, either that it was a legal cause of divorce in the state where it occurred or existed, or that the plaintiff's residence was then in this state." By these provisions it is not necessary to show that the cause of action *accrued* in this state, but sufficient to show that it *existed* in this state, and during the plaintiff's residence here.

The case of *McGuire vs. McGuire, 7 Dana,* 181, is under a different statute—that of 1809, and has no application to this case.

We think the case a clear case for appellant.

*Ripley* for appellee—

No brief on file.

October 9.   Chief Justice CRENSHAW delivered the opinion of the court:

The plaintiff and defendant intermarried in Ireland, in the year 1846. The defendant, the husband, abandoned his wife in less than twelve months after their intermarriage, and emigrated to America. In about two years afterwards, the wife also came to America to reside with her father, having been left destitute by the husband. She resided with her father and brother, in Rhode Island, and afterwards in the city of New York; and, during all the time, she was anxiously hoping, as she says, to meet with, and reclaim, her husband. She was not able to hear any thing of his residence until the year 1853, when she was informed that he resided in Cincinnati, Ohio. She then came to Cincinnati in quest of him, and found his brother there, but her husband was in Kentucky. She prevailed upon his brother to come to Kentucky for him, and he came to Cincinnati at the

request of his brother, but met her coldly and formally, and remained with her only a few minutes, and then departed. She saw him no more until the spring of 1854, when she met with him in Indiana, he having written her a letter to meet him there. She went at the request of the letter, but he met her with the same cold, indifferent, and formal manner, with which he had met her before, in Cincinnati. He remained with her only a few minutes, and parted from her, and she has seen him no more. She then came to Louisville, and found employment in the family of Mr. Pettit as a seamstress, and has resided in the family for more than twelve months before the institution of this suit, and still resides there. She proves an excellent character since she has been in Louisville, for industry, prudence, and becoming demeanor. She alledges, and proves, that her husband abandoned her without fault on her part, and has lived separate and apart from her for more than one year. She alledges further, that her husband has lived separate and apart from her, without cohabitation, for more than five consecutive years. Under these facts and circumstances, she claimed at the hands of the Louisvill chancellor a divorce, which he refused, and she has appealed to this court.

The plaintiff is to be commiserated, and ought certainly to have a divorce, if the laws of this state will allow it. But, we apprehend the chancellor decided correctly, when he adjudged that, by the laws of this state, she was not entitled to a divorce.

The statute regulating this subject is found in the *Revised Statutes*, *p.* 390.

The plaintiff attempts to bring herself within the influence of two causes of divorce mentioned in the statute. One is, "living separately and apart, without any cohabitation, for the space of five consecutive years next before the application." The other is, "abandonment, or like separation by one party from the other, for one year."

BECKET
*vs.*
BECKET.

The statute of Kentucky authorizing divorces, (*Rev. Stat.*, 390,) was intended and does apply to citizens of the state, and the causes which authorize the court to decree them must originate and exist in the state.

We suppose it needs no argument to prove that the statute was designed to apply to the citizens of this state, and that the "living separately and apart, without cohabitation for five consecutive years, next before the application" for divorce, must be the so living within this state. This is our construction of this clause. It was not intended by the legislature that husband and wife, who might have lived separately and apart without cohabitation, for five consecutive years in another state or country, might come to this state and obtain a divorce upon that ground. When the plaintiff shall have resided in this state the length of time mentioned, under the circumstances mentioned, she will be entitled to a divorce under this clause of the statute, and not before.

Nor is the plaintiff entitled to a divorce under, and by virtue of the other clause mentioned; and that is, "abandonment or like separation by one party from the other, for one year." This is cause of divorce, to the party *not in fault*, but the *act* of abandonment or separation must, according to the fourth section of the statute, take place when the party complaining had an actual residence in this state. The second sentence of that section reads : "Nor, unless the party complaining had an actual residence here at the time of the doing of the act complained of, shall a divorce be granted for any thing done out of the state, unless it was also a cause for divorce by the law of the country where the act was done." It is the express declaration of this part of the statute, that the party complaining must have a residence here at the time of the act complained of, to entitle that party to a divorce, unless the act complained of was a cause for divorce by the law of the country where the act was done; and it is not attempted to be shown that the abandonment, or separation, was a cause of divorce in the country where it took place.

In that clause of the statute which reads, "abandonment, or *like separation* by one party from the other, for one year," there is some ambiguity. The words, "*like separation by one party from the other*," refer to the clause which reads, "living separately and apart without cohabitation," &c., and means a separating from one party by the other, and the living so separately and apart, without cohabitation, for one year. It does not mean that the simply living separately and apart, without cohabitation, for one year, shall be cause of divorce, but the so living consequent upon the *act of separating* from the other party. There must be the *act* of separation, as well as the living separately and apart without cohabitation for one year; and this *act* must be done in this state to authorize a divorce to the party from whom the *act* of separation takes place.

According to the statute, the "living separately and apart, without cohabitation for the space of five consecutive years next before the application" for a divorce, entitles either party, who has been during that time a resident of this state, to a divorce, whether in fault or not. And, abandonment, or *like separation*—that is, the separating, in this state, and living apart without cohabitation, by the one party from the other, for one year, also entitles the party *not in fault* to a divorce.

According to our construction of the statute, the plaintiff is not within its benefits.

Wherefore, the judgment is affirmed.